UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| DEREK LEAKE-BEY, | Civil No. 06-3749 (JNE/JSM) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| LYNN DINGLE, Warden, | |
| Respondent. | |

This matter is before the undersigned United States Magistrate Judge on Petitioner's application for habeas corpus relief under 28 U.S.C. § 2254. The matter has been referred to this Court for report and recommendation pursuant to 28 U.S.C. § 636 and Local Rule 72.1. For the reasons discussed below, the Court finds that Petitioner's habeas corpus petition is barred by the statute of limitations. The Court will therefore recommend that this action be summarily dismissed with prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.[1]

## I. BACKGROUND

In March of 2000, Petitioner pled guilty to one count of first degree aggravated robbery in the state district court for Hennepin County, Minnesota. On May 17, 2000, he was sentenced to 180 months in prison. He is presently serving his sentence at the Minnesota Correctional Facility at Stillwater, Minnesota.

Within a few weeks after Petitioner's sentencing, he told the Public Defenders Office that he wanted to file an appeal. However, the Public Defenders Office found no grounds

---

[1] Rule 4 provides that "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

for taking an appeal, and on July 18, 2000, Petitioner was notified that no direct appeal would be filed on his behalf. (Petitioner's "Memorandum and Affidavit and Statement of the Case," [Docket No. 4], [hereafter "Petitioner's Memorandum"], p. 2.)

On May 10, 2002, which was nearly two years after Petitioner's sentencing, Petitioner filed a post-conviction motion in the trial court, challenging the validity of his guilty plea and the length of his sentence. The trial court appointed counsel to represent Petitioner in his post-conviction proceedings, and an evidentiary hearing was conducted in late 2003. On May 12, 2004, Petitioner's post-conviction motion was denied. (Petitioner's Memorandum, pp. 2-3.)

Petitioner appealed the trial court's ruling on his post-conviction motion, but the Minnesota Court of Appeals affirmed that ruling on January 25, 2005. Leake-Bey v. State of Minnesota, No. A04-969 (Minn.App. 2005), 2005 WL 147715 (unpublished opinion). The Minnesota Supreme granted Petitioner's request for further review, but that ruling was later vacated, and Petitioner's conviction and sentence were again reaffirmed. Petitioner then filed a petition for writ of certiorari, which was denied by the United States Supreme Court on January 9, 2006. (Petitioner's Memorandum, pp. 4-5.)

Petitioner's current habeas corpus petition is dated September 13, 2006, and it was filed by the Clerk on September 18, 2006. The petition lists four grounds for relief:

(1) Petitioner's sentence constitutes an "Illegal upward durational departure of Guideline Sentence;"

(2) the trial court erroneously denied Petitioner the opportunity to withdraw his guilty plea, after determining "it was not going to accept the terms agreed to by the Parties;"

(3) Petitioner received ineffective legal assistance from his trial counsel; and

(4) Petitioner received ineffective assistance of counsel on appeal, because the Public Defenders Office denied his request to file a direct appeal.

(Petition, pp. (5) - (6), § 12.)

When this matter first came before this Court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the Court noted that Petitioner was challenging a judgment entered more than six years ago, and that his petition appeared to be barred by the one-year statute of limitations that applies to federal habeas petitions. 28 U.S.C. § 2244(d)(1). Therefore, Petitioner was ordered to file an affidavit and memorandum that would show the full procedural history of his case, and explain why this action should not be summarily dismissed due to untimeliness. (See Order dated September 19, 2006; [Docket No. 3].) Petitioner's Memorandum was filed in response to that order.

Petitioner's Memorandum provides the information needed to determine the timeliness of his application for federal habeas corpus relief. Based on that information, the Court finds that this action is untimely. Therefore, Petitioner's habeas corpus claims will not be addressed on the merits, and the Court will recommend that this action be summarily dismissed with prejudice.

**II.  DISCUSSION**

On April 24, 1996, President Clinton signed the Anti-terrorism and Effective Death Penalty Act ("AEDPA"), which effected significant changes in the federal habeas corpus statutes. One of those changes appears at 28 U.S.C. § 2244(d), which establishes a one-year statute of limitations for habeas corpus petitions filed by state prisoners seeking federal court review of a conviction or sentence. This new statute provides that:

> "**(d)(1)**  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(d)(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection."

In this case, there is nothing on the face of the petition to suggest that clauses (B), (C) or (D) of § 2244(d)(1) could be applicable.  In other words, there is no indication that the state created any impediment that prevented Petitioner from seeking federal habeas relief within the prescribed one-year limitation period; nor is there any indication that Petitioner's claims are based on any newly-recognized and retroactively applicable constitutional right,[2] or any new evidence that could not have been discovered soon

---

[2]  Although Petitioner's Memorandum includes references to <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000) and <u>Blakely v. Washington</u>, 542 U.S. 296 (2004), neither of those cases is mentioned in any of the four claims for relief set forth in the petition. Furthermore, even if Petitioner were attempting to bring a claim under those cases, the starting date for the federal statute of limitations period would not be altered pursuant to § 2244(d)(1)(C).  Although <u>Apprendi</u> and <u>Blakely</u> did establish a new rule of constitutional law, (i.e., that factual determinations pertaining to sentencing must be made by a jury, rather than a judge alone), that new rule is <u>not</u> retroactively applicable on collateral review.

enough to file a timely petition. Thus, the one-year statute of limitations began to run in this case, pursuant to § 2244(d)(1)(A), when Petitioner's judgment of conviction "became final by the conclusion of direct review or the expiration of the time for seeking such review."

Petitioner is challenging a judgment of conviction and sentence entered on May 17, 2000. (Petition, [Docket No. 1], p. (2), § 2.) Because he did not pursue a direct appeal, that judgment became final, for statute of limitation purposes, upon "the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). According to the Minnesota Rules of Criminal Procedure, "[a]n appeal by a defendant shall be taken within 90 days after final judgment or entry of the order appealed from in felony and gross misdemeanor cases...." Rule 28.02, subd. 4(3). Thus, the deadline for seeking direct appellate review

---

United States v. Moss, 252 F.3d 993, 999-1001 (8th Cir. 2001), cert. denied, 534 U.S. 1097 (2002); United States v. Stoltz, 149 Fed.Appx. 567, 568 (8th Cir. 2005) (per curiam) (unpublished opinion). Because neither Apprendi nor Blakely is retroactively applicable on collateral review, the one-year statute of limitations period did not begin to run, pursuant to § 2244(d)(1)(C), when either of those cases was decided. See Alexander v. Addison, 164 Fed.Appx. 780, 781 (10th Cir. 2006) (unpublished opinion) (statute of limitations for prisoner's Blakely claim did not begin to run when Blakely was decided, pursuant to § 2244(d)(1)(C), because Blakely is not retroactively applicable on collateral review), cert. denied, 2006 WL 1327745 (U.S. Oct. 2, 2006); Paige v. Birkett, No. 05-CV-71917-DT (E.D.Mich. 2006), 2006 WL 273619 at *3 (habeas petitioner "cannot avail himself of Section 2244(d)(1)(C) to delay the commencement of the one year limitations period, because the Supreme Court did not indicate in Blakely that its decision was being made retroactive to cases on collateral review"); Hanna v. Jeffreys, No. 2:05-CV-727 (S.D.Ohio 2006), 2006 WL 462357 at *6 ("§ 2244(d)(1)(C) does not serve to delay the date that the statute of limitations began to run as to petitioner's claim that his sentence violates Blakely..., because Blakely is not retroactively applicable to cases on collateral review"); Johnson v. Briley, No. 03 C 4571, (N.D.Ill. 2005), 2005 WL 309537 at *3 (statute of limitations pertinent to a Blakely claim does not begin to run on the date when Blakely was decided, pursuant to 28 U.S.C. § 2244(d)(1)(C), because Blakely has not been made retroactively applicable on collateral review). The Court further notes that, in any event, Apprendi could not delay the starting date for the statute of limitations period, because Apprendi was decided before the limitations period began to run pursuant to § 2244(d)(1)(A), (as discussed in the text hereafter).

of Petitioner's conviction and sentence was August 15, 2000, (90 days after the judgment), and that is the date when the one-year statute of limitations began to run in this case. The deadline for seeking federal habeas corpus relief expired one year later, on August 15, 2001. Petitioner did not file his current petition, however, until September of 2006 -- more than five years after the limitations period had expired. It is therefore readily apparent that the instant petition is time-barred, unless it is saved by the tolling provisions of § 2244(d)(2).

The habeas corpus statute of limitations is tolled pursuant to § 2244(d)(2) when a prisoner properly commences a post-conviction action in state court. The statute remains tolled during the entire period of time that such post-conviction proceedings continue to be pending in any state court, including the state appellate courts. Mills v. Norris, 187 F.3d 881, 883-84 (8th Cir. 1999). In this case, however, the tolling provisions of § 2244(d)(2) cannot aid Petitioner, because the statute of limitations expired on August 15, 2001, and Petitioner did not file his state post-conviction motion until May 10, 2002, which was nearly a year after the expiration of the federal statute of limitations deadline. See Painter v. Iowa, 247 F.3d 1255, 1256 (8th Cir. 2001) ("the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period"). In other words, the post-conviction motion could not toll the statute of limitations pursuant to § 2244(d)(2), because the statute of limitations had already expired before that motion was filed. Jackson v. Ault, 452 F.3d 734, 735 (8th Cir. 2006) ("[t]he one year AEDPA limit for federal habeas filing cannot be tolled after it has expired"); see also Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir.) (state post-conviction motion filed after the § 2244(d)(1) statute of limitations has expired cannot toll the statute

"because there is no period remaining to be tolled"), cert. denied, 531 U.S. 991 (2000); Bogan v. Moore, 55 F.Supp.2d 597, 600 (S.D.Miss. 1999) ("[o]nce the one year statute of limitations has expired, it cannot thereafter be tolled by a motion for post-conviction relief").[3]

The Court has also considered whether the doctrine of "equitable tolling" could save this action from being time-barred. The Eighth Circuit Court of Appeals has recognized that the habeas corpus statute of limitations is subject to equitable tolling. Baker v. Norris, 321 F.3d 769, 771 (8th Cir.) ("the one year AEDPA time limit... may be equitably tolled"), cert. denied, 539 U.S. 918 (2003). The Court of Appeals has made it very clear, however, that such tolling is available only "when extraordinary circumstances beyond a prisoner's control make it impossible to file a [habeas corpus] petition on time... [or] when conduct of the

---

[3] Petitioner may believe that his state post-conviction actions did not merely toll the running of the statute, but somehow 'reset the clock,' giving him a fresh new one-year limitation period that did not begin to run until all of his post-conviction proceedings were complete. That, however, is simply not the case. As explained in Sorce v. Artuz, 73 F.Supp.2d 292, 294 (E.D.N.Y. 1999):

> "The tolling provision of AEDPA does not allow the one year period to run anew each time a post-conviction motion is ruled upon. Instead, the toll excludes from the calculation of the one year period any time during which post-conviction relief is pending. [Citation omitted.] Thus, the provision stops, but does not reset, the clock from ticking on the time in which to file a habeas petition. It cannot revive a time period that has already expired."

See also Lucidore v. New York State Div. of Parole, No. 99 CIV 2936 AJP, (S.D.N.Y. 1999), 1999 WL 566362 at * 4 ("Section 2244(d) does not state that the AEDPA's one-year statute begins to run anew after decision on a state collateral attack; such an interpretation would allow an inmate to avoid the effect of the AEDPA's one-year [statute] of limitations by bringing a belated state collateral attack"), aff'd 209 F.3d 107 (2nd Cir.), cert. denied, 531 U.S. 873 (2000); Broom v. Garvin, 99 Civ. 1083 (JSM) (S.D.N.Y. Apr. 26, 1999), 1999 WL 246753 at *1 ("the filing of a collateral attack in the state court tolls the AEDPA statute of limitations during the period that it is pending, but it does not commence a new limitations period").

defendant has lulled the plaintiff into inaction." Jihad v. Hvass, 267 F.3d 803, 805 (8th Cir. 2001) (emphasis added). "'[A]ny invocation of equity to relieve the strict application of a statute of limitations must be guarded and infrequent, lest circumstances of individualized hardship supplant the rules of clearly drafted statutes.'" Id. at 806, (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)) (emphasis added).

Equitable tolling cannot be based on such commonplace and non-external excuses as prisoner ignorance or inadequate legal assistance. Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000), cert. denied, 534 U.S. 863 (2001). Instead, the petitioner must show that some specific and truly extraordinary event, of a wholly external nature, made it impossible for him to meet the statute of limitations deadline.

The Court acknowledges Petitioner's claim of ineffective assistance of counsel on appeal, but that claim does not warrant equitable tolling here. Petitioner knew in July of 2000 that the Public Defenders Office would not be filing a direct appeal on his behalf. Yet he waited until May of 2002 before he filed his own pro se post-conviction motion. Petitioner may have found it difficult to challenge his conviction and sentence without the assistance of counsel, but that is a commonplace problem for prisoners; it does not constitute the type of extraordinary, wholly external, set of circumstances that can justify equitable tolling. See Kreutzer, 231 F.3d at 463 ("[e]ven in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted").

As previously noted, equitable tolling is not available where an untimely habeas filing allegedly was caused by deficient legal assistance. See Beery v. Ault, 312 F.3d 948, 951 (8th Cir. 2002) ("[i]neffective assistance of counsel generally does not warrant equitable

tolling"), cert denied, 539 U.S. 933 (2003).  Unless a habeas petitioner has been deliberately and egregiously misled by his counsel, by misrepresentations tantamount to fraud, equitable tolling cannot be based on the errors or omissions of an attorney.  See United States v. Martin, 408 F.3d 1089, 1095-96 (8th Cir. 2005) (applying equitable tolling in a case that did not involve merely "attorney negligence, simple error, or even abandonment," but where the petitioner's attorney "misrepresented the law, misrepresented the status of [the petitioner's] case, and retained possession of documents that were crucial to [the petitioner's] claim").

The Court of Appeals has repeatedly held that inadequate legal representation alone does not warrant equitable tolling.  See Beery, supra; Kreutzer v. Bowersox, 231 F.3d at 463 ("counsel's confusion about the applicable statute of limitations does not warrant equitable tolling"); Sellers v. Burt, 168 Fed.Appx. 132, 133 (8th Cir. 2006) (unpublished opinion) (rejecting petitioner's argument that the statute of limitations should be tolled "because his state post-conviction attorney failed to communicate with him and did not send his case file"), cert. denied, 2006 WL 1523244, (U.S. Oct. 2, 2006); Preston v. State, No. 99-3261 (8th Cir. 2000) (per curiam), 2000 WL 995013 at *1 (affirming district court's determination that petitioner's "inability to timely obtain transcripts from a former attorney 'did not come near' to constituting the required showing of extraordinary circumstances" needed for equitable tolling) (unpublished opinion); Greene v. Washington, 14 Fed.Appx. 736, 737 (8th Cir. 2001) (rejecting equitable tolling argument based on alleged mistake by post-conviction attorney) (unpublished opinion).

Here, Petitioner has not even alleged – much less substantiated – that any attorney deliberately deceived him in any way.  Indeed, the Public Defenders Office obviously did

not mislead Petitioner, as he was clearly informed that no direct appeal would be filed on his behalf. Again, the position taken by the Public Defenders Office may have made it more difficult for Petitioner to challenge his sentence, but neither Petitioner's lack of legal assistance, nor his personal lack of legal skills, can warrant equitable tolling in this case.

### III. CONCLUSION

For the reasons discussed above, the Court concludes that this action is time-barred by 28 U.S.C. § 2244(d)(1). The Court will therefore recommend that this case be summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. Moreover, because Petitioner is no longer eligible for federal habeas corpus relief, it is further recommended that this action be dismissed with prejudice.

### IV. RECOMMENDATION

Based on the foregoing, and all the files, records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

1. Petitioner's application for a writ of habeas corpus, (Docket No. 1), be summarily denied; and

2. This action be dismissed with prejudice.

DATED: October 19, 2006

                                                  s/ Janie S. Mayeron
                                                  JANIE S. MAYERON
                                                  United States Magistrate Judge

Under D.Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **November 7, 2006**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to 3500 words. A judge shall make a de novo determination of those

portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Circuit Court of Appeals.